UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

LYNN MICHAEL LAVICTOR,

    Plaintiff,    Case No. 2:19-cv-148

v.    Honorable Paul L. Maloney

JEFF J. DAVIS et al.,

    Defendants.
_____/

## **OPINION**

    This is a civil rights action brought by a federal prisoner claiming that individuals involved in his federal prosecution violated his federal constitutional rights. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim because it is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).

**Discussion**

I. **Factual allegations**

Plaintiff is presently incarcerated with the Federal Bureau of Prisons at the Allenwood Medium Federal Correctional Institution in White Deer, Pennsylvania. On December 8, 2014, a jury of this Court found Plaintiff guilty of sexual abuse, aggravated sexual abuse, assault resulting in serious bodily injury, domestic assault, and attempt to tamper with a victim by corrupt persuasion. On May 11, 2015, the Court imposed concurrent sentences on each count. The longest of Plaintiff's concurrent sentences is 355 months. Plaintiff, with the assistance of counsel, directly appealed his convictions. By judgment entered February 3, 2017, the Sixth Circuit Court of Appeals affirmed this Court's judgment. Plaintiff then filed a petition for writ of certiorari in the United States Supreme Court. The Supreme Court denied the petition on June 6, 2017.

After exhausting his direct appeal, Plaintiff returned to this Court and filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. By opinion, order, and judgment entered August 3, 2018, the Court denied relief and denied Plaintiff a certificate of appealability. Plaintiff then sought a certificate of appealability from the Sixth Circuit Court of Appeals. That court denied the certificate by order entered October 31, 2018.

On May 21, 2019, Plaintiff moved the Court to produce his grand jury hearing transcripts, ballot, or record, the indictment, and the criminal complaint. That motion remains pending. On July 22, 2019, Plaintiff filed his complaint in this action.

Plaintiff sues Jeff J. Davis and Hannah N. Bobee from the United States Attorneys Office; arresting agent Richard Grout; court reporters K. Thomas, Sandy Larson, and Glenda Trexler; Richard Barr from the Department of Justice; Unknown Party #1 described as head of the Bureau of Prisons; Unknown Party #2 described as Probation Officer; and Judge R. Allan Edgar.

Plaintiff does not identify specific actions taken by each Defendant; rather, he refers to them collectively:

> The aforementioned defendants are legally responsible for violating the plaintiff's due process rights, depriving him of any substantive due process as stipulated for in the Fourteenth Amendment, affecting his liberty interest to be free from prosecution without probable cause, and for placing him in custody unlawfully.

(Compl., ECF No. 1, PageID.1-2.) The crux of Plaintiff's complaint is that he was wrongfully convicted and, now, is "unlawfully and unconstitutionally" confined. (*Id.*, PageID.1.) Plaintiff seeks the documents he requested by motion in his criminal case so that he might prove the denial of due process. He asks the Court to award him nominal, compensatory, and punitive damages. Plaintiff also asks the Court to order his immediate release from custody "thereby terminating his fraudulent sentence and probation." (*Id.*, PageID.2.)

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at

678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

Where a person alleges that a "federal" actor has violated his or her federal constitutional rights, the claim arises under the doctrine of *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971). Plaintiff invokes *Bivens* as the basis for his claims.[1] (Compl., ECF No. 1, PageID.1, 3.) The Court will consider Plaintiff's allegations as attempting to state a *Bivens* claim.

In *Bivens*, 403 U.S. 388, the Supreme Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). This implied cause of action is "the federal analog to suits brought against state officials" under 42 U.S.C. § 1983. *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006). To state a claim that is cognizable in a *Bivens* action, the plaintiff must plead two essential elements: first, that he has been deprived of rights secured by the Constitution or laws of the United States, and second, that the defendants acted under color of federal law. *Bivens*, 403 U.S. at 397.

---

[1] Plaintiff also mentions "breach of constructive trust, unjust enrichment, breach of fiduciary duty, fraud, fraud upon the constitution, fraudulent concealment, perjury, [and] gross negligence" as additional claims. (Compl., ECF No. 1, PageID.6.)

4

### III. *Preiser* and *Heck*

Plaintiff challenges the validity of his convictions. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement).

Even if Plaintiff did not specifically seek release from confinement, his damage claims also require dismissal of his complaint. Plaintiff claims that Defendants violated his due process rights in connection with his criminal prosecution and, accordingly, he is entitled to damages. If Plaintiff were to prevail on his claim, it would call into question the validity of his convictions and sentences. For that reason, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original).

In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). The Sixth Circuit has recognized that the *Heck* bar applies to *Bivens* claims and §1983 claims equally. *Robinson v. Jones*, 142 F.3d 905, 907 (6th Cir. 1998). It applies to bar Plaintiff's *Bivens* claim here.

Plaintiff has not alleged that his conviction has been overturned. To the contrary, despite challenges on appeal and by motion, Plaintiff's convictions and sentences stand. Accordingly, the *Heck* doctrine bars his claims.

A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same).

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

6

(6th Cir. 1997). The Court does not certify that an appeal would not be in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   October 8, 2019                             /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge